[Civ. No. 3400. Fifth Dist. Feb. 9, 1979.]

In re the Marriage of KATHLEEN ANN and
RICKY ANTHONY STEINER.
RICKY ANTHONY STEINER, Appellant, v.
KATHLEEN ANN STEINER, Respondent.

**COUNSEL**

Fullerton, Lang, Richert & Patch, William T. Richert, Jeff Wall and Douglas E. Noll for Appellant.

Allen, Van Winkle & Ivey and Ronald H. Marks for Respondent.

## Opinion

**BROWN (G. A.), P. J.**—Ricky Anthony Steiner (Husband) appeals from an order of the superior court dated March 11, 1977, dismissing his petition to modify a Colorado custody modification decree,[1] which in turn modified an earlier California custody decree. The stated ground for the dismissal is that the California court lacked jurisdiction. The cause involves the application of the Uniform Child Custody Jurisdiction Act (the Act) which has been adopted by both Colorado and California (Civ. Code, §§ 5150-5174; Colo. Rev. Stat., §§ 14-13-101 to 14-13-126).

The matter was tried upon an agreed statement of facts which essentially states:

"On November 6, 1974 [Husband] commenced [an] action in the County of Madera, State of California, by filing a Petition for Dissolution of Marriage in the Madera County Superior Court. At the time of filing this petition, [Husband] was a resident of and then residing in [California]. At the time of filing this petition, [Wife] had physical custody of the parties' minor son, . . . then residing in . . . Colorado. Thereafter, in approximately January of 1975, [Wife] returned to California with the parties' minor son. On February 25, 1975 the Court signed and the clerk entered an Interlocutory Judgment of Dissolution of Marriage in this action by which, among other things, the care, custody and control of the parties' minor child . . . was awarded to [Wife].

"Thereafter, on April 14, 1975 [Husband] filed with the Madera County Superior Court an Order to Show Cause re Modification by which he sought a modification of the original custody order by which he would be given the care, custody and control of the parties' minor son.

"Thereafter, on or about June 20, 1975 the Madera County Superior Court entered an order whereby, among other things, custody of the parties' minor son was made to alternate between [Husband and Wife] every six months commencing May 6, 1975 with [Wife] to have custody of the parties' minor son for the initial six month period.

---

[1]Husband also filed a purported appeal from a prior denial of his petition for modification of an earlier decree modifying the initial California decree, dated November 21, 1975. He has conceded that the appeal from that order is not timely. The purported appeal from that order will be dismissed.

"Pursuant to this order [Wife] took custody of the [minor] on or about May 6, 1975 and returned to Colorado with [the minor]. [Wife and the minor] remained in Colorado and on or about October 28, 1975 [Wife] commenced an action in the [Colorado court] in which [Husband] was named as respondent, for the purpose of obtaining a temporary restraining order and modification of the California Custody Decree. Thereafter, on October 28, 1975 [the court issued] a temporary restraining order whereby, among other things, it was ordered that the custody of the parties' minor son would remain with [Wife]. . . .

"[Husband] was served with a copy of that Motion for Temporary Restraining Order and Modification of Custody Decree and Temporary Restraining Order . . . . Thereafter, on January 28, 1976 [Wife's] action [in Colorado] came on for hearing . . . . [Wife] appeared in person with her counsel . . . and [Husband] appeared in person and by his counsel . . . . [Husband] specifically contested the jurisdiction of the Colorado court to modify the California Decree and made a Motion to Dismiss on the grounds that the Colorado court lacked jurisdiction to modify the California Decree.

"After receiving evidence from the respective parties and hearing the arguments of counsel, the Colorado court found that pursuant to the Uniform Child Custody Jurisdiction Act that the Colorado court had jurisdiction to modify the custody order on file in the Madera County Superior Court Action No. 19756. The Court further ordered that custody of the [minor] be awarded to [Wife] with [Husband] having a right to visit with the [minor] for the month of June in 1976 and for the months of July and August of 1977 and the months of July and August of each and every year thereafter.

". . . Thereafter, on July 28, 1976 a certified copy of that February 2, 1976 order was submitted to and filed by the Clerk of the Madera County Superior Court."

The ultimate question before us is whether the trial court erred in refusing to entertain jurisdiction to modify the prior Colorado custody modification decree dated February 2, 1976 (awarding custody to the Wife) which modified the California decree dated June 20, 1975 (alternating custody of the minor child between the Husband and the Wife every six months commencing May 6, 1975, the Wife to have custody for the initial six-month period).

We first turn our attention to the jurisdiction of the Colorado court to modify the California decree. It is to be noted that the decree was entered by the Colorado court after a full hearing at which both parties appeared in person and by counsel. From what appears in the record that decree became final before the petition currently at issue was filed in the California court on August 17, 1976. The Colorado decree recited: "The Court finds that pursuant to the Uniform Child Custody Jurisdiction Act and all of its applicable sections, that this Court has jurisdiction to modify the custody order on file in the Superior Court of California, County of Madera, under case number 19756."

In entering the decree the Colorado court is presumed to have acted in a lawful exercise of its jurisdiction. (Evid. Code, § 666.) The burden of proof is upon the Husband (appellant) to show his collateral attack in California has merit. (Evid. Code, § 660.)

Section 14-13-104 of the Colorado Revised Statutes sets forth the bases for the exercise of jurisdiction by Colorado courts in child custody matters. So far as germane here, that section provides:

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by *initial* or *modification* decree if:

"(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding, and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; . . ."[2] (Italics added.)

[2]The provisions of section 14-13-104 of the Colorado Revised Statutes are substantially similar to those contained in Civil Code section 5152, which provides in pertinent part:
"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if the conditions as set forth in any of the following paragraphs are met:
"(a) This state (i) is the home state of the child at the time of commencement of the

The home state is defined in section 14-13-103 of the Colorado Revised Statutes as: " 'Home state' means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period."[3]

While it appears the Wife and the child were residing in Colorado at the time the petition for dissolution was filed in California in November 1974, it also appears she was in California for the dissolution hearing in February 1975 and for some of the other proceedings in the spring of 1975. Wife and the minor child returned to Colorado on May 6, 1975, and the Wife commenced a modification proceeding in Colorado on October 28, 1975, 175 days later. It thus appears that Colorado was not the home state under section 14-13-104, subdivision (1)(a), of the Colorado Revised Statutes as the child had not resided there continuously for six consecutive months immediately preceding the filing of the petition in Colorado.

■ However, under section 14-13-104, subdivision (1)(b), of the Colorado Revised Statutes, which is often referred to as the significant relationship test, it would appear that the Colorado court could have determined it was in the best interest of the child for that court to assume jurisdiction because the child and Wife had a significant connection with the state and that there was substantial evidence in Colorado concerning the child's present and future care, protection, training and personal relationships. By the time of the hearing on January 28, 1976, the child and Wife had lived in Colorado for over eight months. As we have indicated, Husband and Wife both appeared personally and through counsel and the court acted only after having had a full hearing. The Husband did not produce in the court below any evidentiary record of that Colorado proceeding. We are therefore unable to review the factual

proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

[3]This provision is identical to Civil Code section 5151, subdivision (5).

correctness of the Colorado court's determination. The burden in the court below was upon the Husband to sustain his collateral attack upon the Colorado decree and to show in this court that the trial court was in error. It is apparent that he has failed to carry that burden. Accordingly, it must be presumed that the Colorado court acted regularly and within its jurisdiction (Evid. Code, §§ 664, 666) in determining that the Colorado court had jurisdiction under the significant relationship test in section 14-13-104, subdivision (1)(b) of the Colorado Revised Statutes.

Husband has argued that California has continuing jurisdiction to modify its initial custody decree under the provisions of Civil Code section 4600 and Code of Civil Procedure section 410.50, subdivision (b).[4] Relying upon this toehold the Husband contends that the six-month split custody provision caused exclusive jurisdiction to modify the initial decree to shift to California every six months, thereby precluding any other state from exercising jurisdiction because the other state could never become the child's home state. For a number of reasons this argument is specious. Because of the importance of the subject, however, we will set forth those reasons.

First, the argument ignores the significant relationship test basis of acquiring jurisdiction to modify a decree. (Civ. Code,[5] § 5152, subd. (1)(b); Colo. Rev. Stat., § 14-13-104.) Secondly, it ignores the central concept that it is the best interest of the child that governs and not the interest or desires of the wrangling parents. (§ 5150, subd. (1)(c); Commissioner's Notes to Uniform Child Custody Jurisdiction Act, § 3, 9 U. Laws Ann. (1973) p. 108.)[6]

---

[4]Civil Code section 4600 in pertinent part provides: "In any proceeding where there is at issue the custody of a minor child, the court may, during the pendency of the proceeding or at any time thereafter, make such order for the custody of such child during his minority as may seem necessary or proper."

Code of Civil Procedure section 410.50, subdivision (b), states: "(b) Jurisdiction of the court over the parties and the subject matter of an action continues throughout subsequent proceedings in the action."

[5]All references to California code sections are to the Civil Code unless otherwise indicated.

[6]Section 5150 sets forth the purposes of the Act. Subdivision (1)(c) states:

"(1) The general purposes of this title are to:

". . . . . . . . . . . . . . . .

"(c) Assure that litigation concerning the custody of a child take\place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state."

Having a significant bearing upon this issue is the commissioner's note to section 5152,

Thirdly, it is apparent that the child and either or both of the parents can move away from the court of the state issuing the initial custody decree, thus losing contact with the state where the initial decree was rendered or the child's contact with the state may otherwise become slight. In such a situation a California court which issued the initial decree, *acting in conformity with the purposes of the Act*, would not have modification jurisdiction under either subdivision (1)(a) or (1)(b) of section 5152. ■ Accordingly, a state should not assume the authority to modify a custody decree solely upon the fact that it was the state that initially made the custody determination.

For the above and other reasons, it becomes manifest that the specific provisions of the Act relating to jurisdiction in child custody matters prevail over the conflicting and more general provisions of Code of Civil Procedure section 410.50, subdivision (b) (see fn. 4, *ante*) and section 4600 (see fn. 4, *ante*) as well as any express provisions in a custody decree which conflict with the specific statutory provisions of section 5152. (*Smith* v. *Superior Court* (1977) 68 Cal.App.3d 457, 461-462 [137 Cal.Rptr. 348]; *Neal* v. *Superior Court* (1978) 84 Cal.App.3d 847, 850 [148 Cal.Rptr. 841]—"Section 5152 was intended to limit jurisdiction in custody disputes.")

■ It has been suggested that section 14-13-107 of the Colorado Revised Statutes[7] (proceeding pending in another state) should have

subdivision (1)(b), which states in part:

"Paragraph (2) [here § 5152, subd. (1)(b)] perhaps more than any other provision of the Act requires that it be interpreted in the spirit of the legislative purposes expressed in section 1. The paragraph was phrased in general terms in order to be flexible enough to cover many fact situations too diverse to lend themselves to exact description. But its purpose is to limit jurisdiction rather than to proliferate it. The first clause of the paragraph is important: jurisdiction exists only if it is in the *child's* interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state. The submission of the parties to a forum, perhaps for purposes of divorce, is not sufficient without additional factors establishing closer ties with the state. Divorce jurisdiction does not necessarily include custody jurisdiction." (9 U. Laws Ann. (1973) p. 108.)

[7]Subdivision (1) of section 14-13-107 of the Colorado Revised Statutes provides: "(1) A court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this article, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons."

Section 14-13-107, Colorado Revised Statutes, is substantially similar to section 5155, which provides in pertinent part: "(1) A court of this state shall not exercise its jurisdiction under this title if at the time of filing the petition a proceeding concerning the

barred the Colorado court from taking jurisdiction because the custody proceeding was pending in California. For the reasons hereinabove stated, the continuing jurisdiction of the California court under the provisions of section 4600 and Code of Civil Procedure section 410.50 (see fn. 4, *ante*) cannot under the Act be deemed to be a proceeding pending within the meaning of section 14-13-107 of the Colorado Revised Statutes. Moreover, Code of Civil Procedure section 1049 defines a "pending" action as: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." The California child custody order of June 20, 1975, was appealable and the time for appeal expired before the proceeding in Colorado was commenced on October 28. Therefore, by statutory definition, the proceeding was not then pending in California. Since all California custody decrees are modifiable in California where no other state is implicated, to hold otherwise would render all of the state's custody decrees pending until the minor reached majority, thus insulating all California decrees from modification by other states. This obviously is not true, nor does it conform with stated purposes of the Act. We conclude that there was no action pending in California within the meaning of section 14-13-107 of the Colorado Revised Statutes.

■ It is also contended that section 14-13-115 of the Colorado Revised Statutes[8] should have precluded Colorado from entertaining the modification petition. As has already been pointed out, other than the Colorado modification decree itself, there was no record of the Colorado proceeding before the trial court and it is not part of the record on appeal. Therefore we cannot tell what proof was made with respect to whether *at the time* the Colorado proceeding was instituted the California court had "jurisdiction under prerequisites substantially in accordance

custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this title, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons."

[8]Subdivision (1) of section 14-13-115 of the Colorado Revised Statutes provides: "(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction."

Section 14-13-115, Colorado Revised Statutes, is substantially similar to section 5163, which provides in part: "(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (a) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this title or has declined to assume jurisdiction to modify the decree and (b) the court of this state has jurisdiction."

with [this Act]." (Colo. Rev. Stat., § 14-13-104; § 5152.) Section 14-13-115 of the Colorado Revised Statutes would require a determination by the Colorado court that at the time it entertained the petition to modify California was not the home state (Colo. Rev. Stat., § 14-13-104, subd. (1)(a); § 5152, subd. (1)(a)) or California did not meet the significant relationship test (Colo. Rev. Stat., § 14-13-104, subd. (1)(b); § 5152, subd. (1)(b)). In light of the failure of Husband to supply the court with a record of the Colorado proceeding, it must be presumed in support of the Colorado judgment that the Colorado court followed the law and made those determinations adverse to appellant. (Evid. Code, §§ 664, 666.)

■    Moreover, even should it be concluded that the Colorado court did not correctly apply or follow section 14-13-107 of the Colorado Revised Statutes (pending proceeding in California) or section 14-13-115 of the Colorado Revised Statutes (Colorado should not have acted because California still had jurisdiction), these sections by their terms assume jurisdiction is otherwise present. A violation of such statutory provisions rises only to the level of judicial error within the Colorado court's fundamental jurisdiction. Since it appears the Colorado decree is final, such nonjurisdictional error does not subject that decree to collateral attack. (*Armstrong* v. *Armstrong* (1976) 15 Cal.3d 942, 950-951 [126 Cal.Rptr. 805, 544 P.2d 941].)

A certified copy of the Colorado decree was filed in the court below and is part of the record. Under the provisions of section 5164, subdivision (1), this state is required to accord to it the same effect as if the decree were rendered in this state. (See also § 5162.) Since it is later in time, it supersedes the California custody decree of June 20, 1975.

Adverting specifically to the Husband's contentions on this appeal from the order dismissing his petition to modify the Colorado decree, the thrust of his argument is that (1) the Colorado court lacked jurisdiction to enter its decree, and (2) California had exclusive jurisdiction by reason of its continuing authority to modify its own decree. The first contention has already been answered. As to the second contention, we have held that under the Act California did not retain jurisdiction to modify its decree solely by reason of its having rendered the initial custody order. Moreover, as has been pointed out, upon filing the Colorado decree in the California court, the California court was required to give that decree the same effect as a custody decree rendered by the California court.

(§ 5164, subd. (1); § 5162.) ■ The ultimate question therefore is whether the California court had jurisdiction to modify the Colorado decree under the jurisdiction prerequisite set forth in section 5152.

Other than the recitation of critical dates, the stipulated facts are essentially silent upon the nature of the relationship between the minor and California. The burden was upon the Husband (appellant) to produce sufficient facts in the court below to show that California had jurisdiction. With this in mind, we turn to section 5152.

As to subdivision (1)(a) of section 5152 of the Act, it appears from the stipulated facts the minor had resided continuously with the Wife in Colorado between May 6, 1975, and June 1976, a period in excess of 13 months. Thus the trial court was justified in finding that California as of the time of filing the petition herein was not the home state of the minor. (§ 5152, subd. (1)(a); § 5151, subd. (5).)

Under section 5152, subdivision (1)(b), it would also appear that Husband (appellant) has failed to meet his burden of showing that the minor had a significant relationship with California as of the time of filing his petition on August 17, 1976. In this regard it is noted that the memorandum decision of the trial judge stated: "the only connection that the child has with the State of California is the fact that Petitioner (father) resides in California, the child is not physically present in California and as stated above, Colorado has jurisdiction of the matter."

Moreover, Husband (appellant) has not shown that the significant relationship of the minor with Colorado, which was necessarily determined by Colorado as a jurisdictional prerequisite to the exercise of jurisdiction to issue its order of February 2, 1976, had changed since the entry of that decree or that the Colorado court did not as of the date of the Husband's petition in California have jurisdiction (§ 5163).

Accordingly, it is concluded that the trial court on the record before it was justified in determining that California did not have the jurisdictional prerequisites to the exercise of jurisdiction under section 5152 of the Act.

Finally, the argument has been made that on the face of the record Colorado by entertaining jurisdiction to modify the California decree after the minor was in Colorado less than six months violated the spirit and purpose of the Act—particularly subdivisions (1)(a), (d) and (f) of section 5150, which state laudable objectives in unmistakable terms. They are:

'(1) The general purposes of this title are to:

"(a) Avoid jurisdiction competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.

". . . . . . . . . . . . . . . . . . . . .

"(d) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.

". . . . . . . . . . . . . . . . . . . . .

"(f) Avoid relitigation of custody decisions of other states in this state insofar as feasible."

On the record before us the legalistic answer is simply that we are unable to conclude that the Colorado court erred. Secondly, in the broader view, to permit the California court to modify the Colorado custody decree would be to sanction the continuation of an interstate custody dispute in which the minor is the pawn. Such jurisdictional competition between states defeats the salutary purpose of the Act and compounds whatever violation of the spirit and objectives of the Act Colorado may have committed. The best interest and well being of the child persuasively argue against such a course.

The purported appeal from the order dated November 21, 1975, is dismissed. The judgment dismissing the Husband's petition, filed March 11, 1977, is affirmed.

Hopper, J., and Creede, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.