651 P.2d 1292

**Mary SERNA, Petitioner-Appellant,**

v.

**Clarence Adolph SALAZAR, Defendant-Appellee.**

**No. 14134.**

Supreme Court of New Mexico.

Sept. 30, 1982.

Larry R. Hill, Alamogordo, for petitioner-appellant.

David I. Rupp, Alamogordo, for defendant-appellee.

## OPINION

PAYNE, Justice.

This appeal follows a New Mexico trial court order which declined jurisdiction to modify visitation rights in a California divorce decree. We find that under the New Mexico Uniform Child Custody Jurisdiction Act, §§ 40–10–1 through 40–10–24, N.M.S.A.1978 (Cum.Supp.1982) (UCCJA), the New Mexico court had jurisdiction. We therefore reverse.

The parties were divorced in California in 1977. The divorce decree awarded the custody of the two minor children to the mother and gave the father reasonable visitation rights. The mother and children moved to New Mexico in 1978, where, except for a visit to their father in California in the summer of 1980, they have since remained.

In October 1980 the father filed for modification of the final decree in the California court and was granted one month's visitation rights. In May 1981 the mother brought an action in New Mexico to further modify the father's visitation rights. She claims he is a drug addict and an alcoholic. The father moved for the court to decline jurisdiction under Section 40–10–15. The trial court granted the motion and this appeal ensued.

We held in *Olsen v. Olsen,* —— N.M. ——, 651 P.2d 1288 (1982) (No. 13,927, Sept. 28, 1982) that the New Mexico UCCJA applies to pending cases even though those cases were filed before, but decided after, July 1, 1982, its effective date. Section 40–10–15

provides that a New Mexico court has jurisdiction to modify a child custody decree made by the court of another state only when: "(1) it appears that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with the [UCCJA] or has declined to assume jurisdiction to modify the decree; and (2) the district court of New Mexico has jurisdiction."

The first inquiry must be whether the California court still has jurisdiction over this case. In making this determination we look to the California UCCJA, Cal.Civ.Code § 5152 (West 1982), as interpreted by its courts. The language of the California UCCJA is practically identical to New Mexico's UCCJA jurisdictional statute. *See* § 40-10-4.

By definition, under Section 5151(2), a "custody determination" includes visitation proceedings. Paragraph (5) of the same section defines "home state" as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent or person acting as a parent for at least six consecutive months."

■ Both New Mexico and California require compliance with only one of the four jurisdictional prerequisites. *See* § 40-10-4(A) and Cal.Civ.Code § 5152(1). None of the four prerequisites was present in California in 1981. California was not the home state; the children have lived in New Mexico since 1978. The children had no significant connection with California. The *only* connection was a visit to their father. Although the evidence pertaining to the petitioner's claim that the father is an alcoholic and drug addict is in California, the substantial evidence concerning the children's "present or future care, protection, training and personal relationships" is in New Mexico, not in California. The children were not physically present in California at the time the California matter was filed, nor was abandonment or emergency at issue. Finally, it appears that it would

be in the best interest of the children for the New Mexico court to assume jurisdiction.

The California interpretation of Section 5152 also leads us to conclude that California no longer has jurisdiction in the present case. *In Re Marriage of Steiner,* 89 Cal. App.3d 363, 152 Cal.Rptr. 612 (1979), noted that "it is the best interest of the child that governs and not the interest or desires of the wrangling parents." 152 Cal.Rptr. at 617 (citations omitted). The court continued by stating that

it is apparent that the child and either or both of the parents can move away from the court of the state issuing the initial custody decree, thus losing contact with the state where the initial decree was rendered or the child's contact with the state may otherwise become slight. In such a situation a California court which issued the initial decree, acting in conformity with the purposes of the Act, would not have modification jurisdiction under either subdivision (1)(a) or (1)(b) of section 5152. Accordingly, a state should not assume the authority to modify a custody decree solely upon the fact that it was the state that initially made the custody determination.

*Id.*

In all relevant respects, the facts in *Steiner* were identical to those in the present case, except that in *Steiner* the petitioner was seeking to modify a Colorado custody modification decree which had modified the original California decree. By dismissing the petition, the court recognized that California no longer had jurisdiction. In the present case, where the respondent is challenging New Mexico jurisdiction to modify a California decree, it is obvious that California no longer has jurisdiction. Therefore, the first requirement of Section 40-10-15(A) is met.

Having determined that California does not now have jurisdiction, we must decide whether New Mexico has jurisdiction. The trial court held that it did not have jurisdic-

tion under Section 38–1–16, N.M.S.A.1978. However, Section 40–10–4, being the more specific statute, governs this case. Under that statute, if any of four circumstances exist, and the requirements of Section 40–10–15 are met, the New Mexico court has jurisdiction to make a modification decree. We hold that the statutory requirements are satisfied because under Section 40–10–4(A)(1)(a), New Mexico was the home state of the child, as defined by Section 40–10–3(E), when the proceeding was commenced. Accordingly, the court below erred in declining jurisdiction and the judgment is reversed.

■ We take judicial notice of the federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A (PKPA). The PKPA was intended, *inter alia*, to "discourage continuing interstate controversies over child custody * * * avoid jurisdictional competition and conflict between State courts in matters of child custody and visitation * * * and deter interstate abductions and other unilateral removals of children undertaken to obtain custody and visitation awards." 28 USCA § 1738A, *Congressional Findings and Declaration of Purposes*, Pub.L. 96–611 § 7(c)(4), (5), and (6) (West.Supp.1982). Because the PKPA has supremacy over state law, we must determine whether it applies to change the result reached under state law in the present case. *See Tufares v. Wright*, 98 N.M. 8, 644 P.2d 522 (1982); *Belosky v. Belosky*, 97 N.M. 365, 640 P.2d 471 (1982); *State ex rel. Valles v. Brown*, 97 N.M. 327, 639 P.2d 1181 (1982).

Subparagraph (f) of the PKPA states:

A court of a State may modify a determination of the custody of the same child made by a court of another State, if—

(1) it has jurisdiction to make such a child custody determination; and

(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

As discussed *supra*, New Mexico does have jurisdiction to modify. Satisfaction of subsection (2), however, requires closer analysis of the statute. Subparagraph (d) of the PKPA states:

The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirements of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

In this case, we must assume for lack of contrary indication that California made the original child custody determination consistently with the PKPA. Additionally, one contestant, the father, remains a resident of California. Therefore, if the requirement of subsection (c)(1) continues to be met, California retains jurisdiction.

Subsection (c)(1) requires that "such court has jurisdiction under the law of such State." This requirement demands the identical analysis set forth *supra*, resulting in the conclusion that California does not have jurisdiction under its own law.

This conclusion is supported by the opinion in *Kumar v. Santa Clara County Superior Court*, 124 Cal.3d 1003, 177 Cal.Rptr. 763 (1981). In that case, the court considered the application of the PKPA as well as the UCCJA. The court recognized and rejected the interpretation under which "the state that originally made a child custody decree continues to have jurisdiction * * * so long as at least one of the parties still remains a resident of the state." 177 Cal.Rptr. at 769. The court further opined that "the guiding principle of the California, New York and federal law is that the best interests of the child are and should be paramount," and that neither "Congress [n]or the state Legislature intended to preclude local adjudication." *Id.*

■ We note finally that although California did exercise jurisdiction by modifying the decree in October 1980, this fact has no relevance to the situation in May 1981.

The trial court is reversed.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.