727 P.2d 88

**Cherie Lyn TRASK,
Petitioner-Appellant,**

v.

**Michael Almon TRASK,
Respondent-Appellee.**

**No. 9415.**

Court of Appeals of New Mexico.

Sept. 25, 1986.

Anna L. Juarez, Southern N.M. Legal Services, Inc., Las Cruces, for petitioner-appellant.

Angel L. Saenz, Las Cruces, for respondent-appellee.

## OPINION

BIVINS, Judge.

This appeal involves a child custody dispute and application of the New Mexico Child Custody Jurisdiction Act, NMSA 1978, Sections 40–10–1 to –24 (Repl.1986) (NMCCJA). The mother, Cherie Trask, appeals from an order of the district court of Dona Ana County which modified the terms of a dissolution decree entered by the same court in 1982. Our calendaring notice proposed summary reversal on the ground that the New Mexico court lacked subject matter jurisdiction under the NMCCJA. The father, Michael Trask, filed a timely memorandum in opposition contesting our proposed disposition. Having considered the memorandum and finding it unpersuasive, we reverse.

The parties were married in the state of Maryland and each of their three children were born there. They moved to New Mexico in the spring of 1982 and were divorced later that same year. The final decree, filed on November 16, 1982, while awarding joint legal custody to both parties, gave physical custody of the children to the mother and granted the father the right of reasonable visitation. In January 1983, the mother and children returned to Maryland where they continue to reside. The father remained in New Mexico. In May of 1986, the father filed a motion in the New Mexico court to modify visitation rights. The mother contested the motion on grounds that the court lacked jurisdiction to adjudicate the matter under the

NMCCJA. The trial court determined that it had jurisdiction, and entered an order modifying the visitation rights to specify times of the year that the father could have the children visit with him. The order further provided for abatement of child support payments during the July visitation and specified that the parties are to share the travel expense of transporting the children between Maryland and New Mexico.

■ This court recognizes that a court of original jurisdiction ordinarily retains continuing jurisdiction to modify a custody decree. *Murphy v. Murphy,* 96 N.M. 401, 631 P.2d 307 (1981). This jurisdictional principle is incorporated in the Uniform Child Custody Jurisdiction Act, 9 U.L.A. Sections 1 to 28 (1979) (UCCJA), so that other states are required to defer to the continuing jurisdiction of the original court as long as that court has jurisdiction within the meaning of the Act. *See* § 40–10–15(A); *State ex rel. Department of Human Services v. Avinger,* 104 N.M. 255, 720 P.2d 290 (1986). The father in this case advances two arguments in support of jurisdiction. First, he contends that New Mexico has home state jurisdiction as provided in subsection A(1)(a) of Section 40–10–4. Secondly, or alternatively, he claims that jurisdiction may be asserted in the "best interests" of the children under the significant contacts provision of the statute. § 40–10–4(A)(2)(a). We disagree with both arguments.

■ "Home state," as defined in Section 40–10–3(E) and used in Section 40–10–4(A), means the state in which the child resided for six consecutive months immediately preceding the commencement of the proceedings. *Serna v. Salazar,* 98 N.M. 648, 651 P.2d 1292 (1982). Contrary to the father's claim, "commencement of the proceedings" does not refer to the initiation of divorce proceedings four years ago in New Mexico. This construction of the statute is contrary to both the statutory definition contained in Section 40–10–3(E) and the established interpretation given to this provision of the UCCJA. As stated by another court in ruling on a claim similar to that advanced here, "[t]o hold that 'the proceeding' refers to the original dissolution action would confer perpetual jurisdiction over matters of custody to the courts of the state which granted the dissolution, regardless of whether the parties or child had any further connection with that state." *Kioukis v. Kioukis,* 185 Conn. 249, 257, 440 A.2d 894, 898 (1981). Because the minor children have continuously resided with the mother in Maryland for the past three years, New Mexico does not meet the six-month residency requirement for home state jurisdiction.

■ The father next claims that the "significant connection" provision of Section 40–10–4(A)(2)(a) is satisfied because of his continued residency in New Mexico and because he was awarded joint legal custody of the children. This argument disregards the express language of subsection A(2)(a), which requires connections between both the children and one or more of the parents. Here, it is undisputed that the children resided in New Mexico for less than one year at the time of the divorce. There is no indication of any connections between the children and this state other than the children's relationship to their father. In short, the connections to which the father points are his own, not the children's.

■ Courts which have exercised jurisdiction under this provision of the UCCJA have required more than the fact of child visitation and the father's continued residence in the forum state. *See Moore v. Moore,* 379 So.2d 1153 (La.App.1980); *Potter v. Potter,* 104 Misc.2d 930, 430 N.Y.S.2d 201 (Fam.Ct.1980); *In re Marriage of Cope,* 49 Or.App. 301, 619 P.2d 883 (1980); *Voninski v. Voninski,* 661 S.W.2d 872 (Tenn.App.1982). Moreover, subsection A(2)(a) additionally requires the availability in New Mexico of substantial evidence concerning the child's present or future care, protection, training and personal relationships. The father concedes that information regarding the children's needs is not available in New Mexico, but he claims that such information is not required in visitation modification proceedings. There is no

merit to this argument. Under New Mexico law, the factors which must be considered in modifying a custody order are essentially the same as those applied in making the initial custody determination. *See Olsen v. Olsen,* 98 N.M. 644, 651 P.2d 1288 (1982), citing *Schuermann v. Schuermann,* 94 N.M. 81, 607 P.2d 619 (1980).

The father also claims erroneously that the UCCJA was never intended to limit jurisdiction over interstate child custody proceedings. To the contrary, the underlying policy of the entire Act is that the courts of only one state should have responsibility for the custody of a particular child in order that "a custody decree is rendered in that state which can best decide the case in the interest of the child" (quoting from the statutory purposes enumerated in Section 40–10–2). *See Elder v. Park,* 104 N.M. 163, 717 P.2d 1132 (Ct.App. 1986); *see also* Annot., 96 A.L.R.3d 968 (1980).

Finally, although the father does not argue this point on appeal, one of the reasons cited by the trial court in determining it had jurisdiction was the fact that the parties' settlement agreement appeared to contemplate that one or both of the parties would move from New Mexico. The settlement agreement, which was incorporated in the final decree, provided that if the agreed upon visitation schedule became impractical as a result of such a move, the parties would reach an alternative arrangement. The settlement agreement further provided that the "[f]ailure of the parties to reach an agreement under these circumstances shall constitute a substantial change of circumstances, and either party may petition the Court to modify the visitation rights."

■ The foregoing language does not expressly confer jurisdiction on the New Mexico court. Even if it did, we follow the rule that, in matters of spousal and child support, jurisdiction cannot be conferred upon a court by consent of the parties. *Spingola v. Spingola,* 93 N.M. 598, 603 P.2d 708 (1979). Courts in other jurisdictions, construing this issue specifically in reference to the UCCJA, have reached the same conclusion. *See Campbell v. Campbell,* 388 N.E.2d 607 (Ind.App.1979); *Voninski v. Voninski.*

■ It is clear that New Mexico no longer has jurisdiction since it is neither the home state nor does it have significant connections with and substantial evidence about the parties' children. Our calendaring notice observed that the provisions of the Maryland CCJA are virtually identical to those of the New Mexico Act. *See* Md. Fam.Law Code Ann., §§ 9–201 to –224 (1984). Since Maryland is the children's home state and, therefore, has proper jurisdiction under its own CCJA to rule on custody matters, the state of Maryland has jurisdiction to modify the original New Mexico dissolution decree. *See Serna v. Salazar.*

Because the relevant facts in this case were undisputed on appeal and the application of legal principle to those facts is clear, the case is properly disposed of on the summary calendar. *Garrison v. Safeway Stores,* 102 N.M. 179, 692 P.2d 1328 (Ct.App.1984). The order of June 30, 1986, is vacated for lack of subject matter jurisdiction under Section 40–10–4. The mother is awarded costs on appeal.

IT IS SO ORDERED.

HENDLEY, C.J., and GARCIA, J., concur.