910 P.2d 319

Jeffrey H. NELSON, Petitioner–Appellant,

v.

Marie J. NELSON, Respondent–Appellee.

No. 15985.

Court of Appeals of New Mexico.

Oct. 16, 1995.

244

Jeffrey H. Nelson, Albuquerque, Pro se, for Petitioner–Appellant.

Kathleen Schaechterle, Civerolo, Wolf, Gralow & Hill, P.C., Albuquerque, for Respondent–Appellee.

## OPINION

WECHSLER, Judge.

1. In this appeal from an order of the district court recognizing and enforcing a California order which awarded Mother sole custody, we review the application of the New Mexico Child Custody Jurisdiction Act, NMSA 1978, §§ 40–10–1 to –24 (Repl. Pamp.1994) (CCJA), and its California counterpart. We conclude that the district court, not the California court, had jurisdiction to modify the California order, and we reverse.

*Procedural History and Relevant Facts*

2. Marie Nelson (Mother) and Jeffrey Nelson (Father) were married in California in 1980. They have two minor children, Melissa, born in 1981, and Kevin, born in 1983. In 1982 both parties filed for divorce but no final action was taken at that time, and the parties later reconciled. In 1990 the couple again separated, and Mother moved to Albuquerque, New Mexico. Later that same year, Father took the children to Seattle, Washington, without Mother's consent or knowledge.

3. On March 14, 1991, Mother resumed proceedings in her 1982 California divorce action and obtained a divorce from the Superior Court of California in Los Angeles. In

conjunction with the divorce, the court awarded sole custody of the children to Mother and prohibited visitation rights to Father except as arranged through Mother's counsel. The court reserved jurisdiction over the case to address issues not dealt with in the court's entry of judgment. After obtaining the divorce, Mother travelled from Albuquerque to Seattle and brought the children back with her to Albuquerque. Father moved to Albuquerque later in 1991. Since that time, both parties and their children have been full-time, legal, permanent residents of New Mexico.

4. On June 17, 1993, Father filed a Petition to Establish Child Custody and Visitation in the Second Judicial District Court in New Mexico. District Judge James Blackmer, citing Section 40–10–7 of the CCJA, denied the petition on the ground that his court lacked jurisdiction because of the pendency of the custody issue in the California court. Judge Theresa Baca granted Father's Motion for Reconsideration of Judge Blackmer's 1993 order and referred the parties to the Second Judicial District Court Clinic (Court Clinic). Following numerous mediation sessions, therapy sessions, and clinical interviews, the Court Clinician, in an Advisory Consultation Report issued on April 5, 1994, formally recommended that the children reside primarily with Mother, but that a specific, significant time-sharing arrangement be established with both parents. On that same day, Mother filed a Motion to Recognize and Enforce California Order on Custody and Support and a Motion for Reconsideration. Judge Baca, citing the CCJA and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (1994), and stating that she erred in her earlier determination that the district court has jurisdiction over the custody issue, granted Mother's Motion and denied Father's Petition to Establish Child Custody.

*Jurisdiction Under the Child Custody Jurisdiction Act*

5. All fifty states have now adopted the Uniform Child Custody Jurisdiction Act of 1968 (UCCJA). *See* Am.Jur.2d, *Desk Book* 872 (2d ed. 1992) (showing adoption by 49 states and noting that Massachusetts has enacted a "substantially similar version"). New Mexico adopted the Act in 1981. *See* 1981 N.M.Laws, ch. 119, § 1. California's version is enacted as Cal.Fam.Code Sections 3400 to 3425 (West 1994). The Act is designed to avoid jurisdictional competition, to promote cooperation among state courts, and to assure that custody litigation ordinarily takes place in the state with which the child and the family have the closest connection. *See* § 40–10–2(A)–(C).

6. In carrying out the purposes of the CCJA, the district court decides if it has jurisdiction to modify a child custody decree issued by a court of another state. Section 40–10–4(A). One of the four grounds requisite for jurisdiction under Section 40–10–4(A) must exist for a New Mexico court to have in personam jurisdiction in a custody proceeding. *See Olsen v. Olsen,* 98 N.M. 644, 647, 651 P.2d 1288, 1291 (1982); *Serna v. Salazar,* 98 N.M. 648, 651, 651 P.2d 1292, 1295 (1982). Neither party disputes that New Mexico was the home state of the children at the time of commencement of this proceeding. Hence, a connection existed, and the district court had jurisdiction to make further jurisdictional inquiry. *See* § 40–10–4(A)(1)(a).

7. The district court must also determine if it is appropriate under the circumstances before it to exercise its jurisdiction over the case. Section 40–10–7(A). It is improper for a New Mexico district court to exercise its jurisdiction "if at the time of filing the petition a proceeding concerning the custody of the same child was pending in a court of another state exercising jurisdiction substantially in conformity with the [CCJA], unless the proceeding is stayed by the court of the other state because New Mexico is a more appropriate forum, or for other reasons." *Id.* Mother argues that the district court correctly declined to exercise jurisdiction because California had jurisdiction under the UCCJA and, therefore, the New Mexico district court could not modify the California decree unless the California court relinquished or transferred jurisdiction to New Mexico. We cannot agree.

■ 8. We begin with the assumption that the California decree is valid because the California court had jurisdiction over the subject matter and parties on March 14, 1991. As the court of original jurisdiction, the California court ordinarily retains continuing jurisdiction to modify a custody decree for as long as the original court has jurisdiction over the children or parents in a custody case. *Murphy v. Murphy*, 96 N.M. 401, 406, 631 P.2d 307, 312 (1981). A New Mexico court may, however, modify a decree of the court of another state if the New Mexico court has in personam jurisdiction and it appears that the court rendering the decree no longer has jurisdiction "under jurisdictional prerequisites substantially in accordance with the [CCJA]." Section 40–10–15(A)(1).

■ 9. California follows the same jurisdictional requirements under the UCCJA as New Mexico. *Compare* Cal.Fam.Code § 3403(a) *with* Section 40–10–4(A). For California to retain jurisdiction when a child and his or her parents are no longer residents of California and the petitioned court in another state has not declined jurisdiction, California law demands, at a minimum, that "the child and at least one contestant . . . have a significant connection with [California], and [that] there is available in [California] substantial evidence concerning the child's present or future care, protection, training, and personal relationships." Cal.Fam.Code § 3403(a)(2). In construing the California jurisdictional requirements, we are guided by California interpretations of the UCCJA. The California Court of Appeal, holding that California no longer had jurisdiction when neither parent was a resident and the child lived in another state for approximately eight months, stated:

> We cannot envision a more inconvenient forum for determination of custody, child support and visitation issues than the circumstances present here where both of the parents and the minor have established residency in other states and all evidence relating to the *present* care, training, and personal relationships are located in Ohio, the residence of the minor.

*Lough v. Superior Court*, 8 Cal.App.4th 136, 10 Cal.Rptr.2d 250, 254 (Ct.App.1992) (emphasis added); *see also Serna*, 98 N.M. at 650, 651 P.2d at 1294 (California court does not have modification jurisdiction when children and mother live in New Mexico and children have no significant connection with California); *cf. State ex rel. Department of Human Servs. v. Avinger*, 104 N.M. 255, 259–60, 720 P.2d 290, 294–95 (1986) (New Mexico children's court lacks authority to modify Texas decree when nothing in record indicates Texas no longer had jurisdiction or had declined to exercise jurisdiction).

10. Here, also, the parents and children left California. The children have lived in New Mexico since 1991. They attend school and receive medical treatment and therapy in New Mexico. They have participated in a lengthy and detailed evaluation through the Court Clinic. Most of the current evidence concerning the children and the parties is available in New Mexico, not California. *See Campbell v. Alpers*, 110 N.M. 21, 25, 791 P.2d 472, 476 (Ct.App.1990) (availability of evidence concerning children and parties is significant factor in determining jurisdiction under UCCJA). Mother can point only to the California decree for a continuing contact with California. However, that decree specifically reserves jurisdiction only over "all property and related issues," not custody issues. Under these circumstances, the California court no longer has jurisdiction of custody matters under the UCCJA.

11. Mother cites *Trask v. Trask*, 104 N.M. 780, 727 P.2d 88 (Ct.App.1986), in support of her argument that the district court "properly declined jurisdiction and the request by Mr. Nelson to void the California Order." We do not believe that *Trask* provides that support. We held in *Trask* that a New Mexico district court lacked jurisdiction under the CCJA to modify its own custody decree when the mother and her children continuously resided outside of New Mexico for three years. *Id.* at 782–83, 727 P.2d at 90–91. The Trask children's visitation with their father within New Mexico did not constitute a significant connection to New Mexico on the part of the children necessary for jurisdiction under Section 40–10–4(A)(2)(a). *Id.* at 782, 727 P.2d at 90. Instead, the new home state of the Trask children and their

mother had jurisdiction under that state's CCJA. *Id.* at 783, 727 P.2d at 91. Similarly, New Mexico, the "new home state" of both parties and the children in this case, has jurisdiction to modify the original California decree.

■ 12. Mother additionally claims that the New Mexico court properly declined to exercise its jurisdiction because Father did not request a modification under Section 40–10–15. She argues that Father requested that the New Mexico court void the California decree rather than modify it. We view this as a distinction of form only. The CCJA defines "modification decree" as "a custody decree which modifies or replaces a prior custody decree, whether made by the court which rendered the prior decree or by another court." Section 40–10–3(G). In his Petition to Establish Child Custody and Visitation, Father alleged that the California decree was void and not entitled to full faith and credit under the UCCJA. He sought "[a]n appropriate award of custody and visitation [of the children] that is in their best interests." The district court could not enter any decree unless it first made some decision regarding the California decree and the question of California's jurisdiction. *See* §§ 40–10–7(A), –8(A), –15(A). Even though Father did not specifically use the term "modification," he was requesting that the court enter a decree other than the California decree. Such a decree constitutes a "modification decree" as defined in Section 40–10–3. *Cf. State ex rel. Department of Human Servs.*, 104 N.M. at 256–58, 720 P.2d at 291–93 (abandonment and neglect proceedings in children's court in which Department of Human Services obtained custody constituted modification decree under CCJA).

■ 13. Finally, Mother asserts that Judge Baca's order deferring to the jurisdiction of the California court should be upheld because of the provisions of the PKPA, 28 U.S.C.A. § 1738A. We find this argument unpersuasive under the facts of this case. As discussed above, New Mexico is the home state of the children and it is undisputed that both the children and their parents have continuously resided in New Mexico for over

two years prior to the initiation of the proceedings below. New Mexico has jurisdiction under its own law, and nothing in the California court order divorcing the parties, awarding custody, and prescribing the terms of visitation relies upon the PKPA. *See State ex rel. Valles v. Brown*, 97 N.M. 327, 330, 639 P.2d 1181, 1184 (1981) (New Mexico court may modify child custody decree when it has jurisdiction under its own law and state which issued decree does not have jurisdiction under the PKPA).

*Communications with California Court*

■ 14. To achieve its purposes of avoiding conflict and encouraging cooperation, the CCJA mandates that the district court take certain actions when there is a simultaneous or prior proceeding in another state. Sections 40–10–7, –23. Mother asserts that the district court failed to take all of the necessary actions. Section 40–10–10(A) requires a petitioner to inform the court of custody litigation in another state. Father fulfilled this responsibility. Section 40–10–7 addresses simultaneous proceedings and requires the district court to communicate with the courts of other states in which there is a pendent proceeding concerning the custody of a child who is the subject of a New Mexico proceeding. Because we conclude that the California court did not have continuing jurisdiction over custody matters pertaining to the Nelson children, Section 40–10–7 did not apply. On the other hand, the design of Section 40–10–23 is that courts exchange information about custody cases in which a decree has already been rendered. As the California court issued a decree concerning custody, that court may have possession of a transcript or other documents with pertinent information regarding current custody issues. The district court should request this documentation pursuant to Section 40–10–23.

*Withholding of Custody*

■ 15. Lastly, Mother argues that the 1994 order should be affirmed as a proper exercise of the district court's discretion under Section 40–10–9(B) because Father improperly withheld custody of the children in

1990. Such ground was not set forth in the 1994 order, and, therefore, we will not consider it as a basis for affirmance.

*Conclusion*

 16. Because we hold that the district court had and properly exercised jurisdiction in issuing the 1993 order, we reverse the order recognizing and enforcing the California order and reinstate the Court Clinic Referral Order. Father requests that on remand we order a specific time-sharing arrangement, if only on an interim basis. Although we believe that the issue deserves expedient attention, such action is within the exclusive province of the district court. We remand for further proceedings consistent with this opinion. Father is awarded his costs on appeal.

17. IT IS SO ORDERED.

DONNELLY and BUSTAMANTE, JJ., concur.