George W. BOCK, Jr., Petitioner,

v.

Laura V. BOCK, a/k/a Marilyn
Laura Bock, Respondent.

No. S–4121.

Supreme Court of Alaska.

Feb. 7, 1992.

As Modified on Denial of Rehearing
Feb. 27, 1992.

See also 804 S.W.2d 6.

Vincent Vitale, and Max F. Gruenberg, Jr., Gruenberg & Clover, Anchorage, for petitioner.

Benjamin O. Walters, Jr., Anchorage, for respondent.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

BURKE, Justice.

Contrary to the procedures and policy goals of the Uniform Child Custody Jurisdiction Act[1] and the federal Parental Kidnapping Prevention Act,[2] this interstate child custody case has given rise to compet-

1. Codified in Alaska as AS 25.30.010–.910.

2. 28 U.S.C. § 1738A (1988).

ing assertions of jurisdiction by courts in Alaska and Kentucky, and conflicting court orders.

■ The question that has received the most attention in Alaska is whether, as a matter of fact, the Kentucky court deferred jurisdiction to Alaska. In view of the policy against simultaneous proceedings in separate states, and the importance of avoiding conflicting custody orders, we conclude that it was improper for the superior court in Alaska to continue exercising jurisdiction in the case, once it became clear that the court in Kentucky was unwilling to yield its jurisdiction. Much time was spent by the superior court in Alaska trying to determine whether the Kentucky court's claim of continuing jurisdiction was credible, in view of statements allegedly once made by Kentucky's Judge Graves to Judge Reese of Alaska. This effort was as wasteful as it was unseemly, as the superior court was required to accept at face value Judge Graves' statement that he never intended to defer jurisdiction to Alaska, in the absence of a formal or record act of deferral on the part of Judge Graves.

■ A related question is whether Kentucky retains jurisdiction to determine questions of custody, because of the father's continued residence in that state from August, 1985, when the Kentucky decree was entered, to May, 1990, when the mother moved in superior court, in Alaska, for an order modifying the visitation requirements of the Kentucky decree.[3] Resolution of this issue necessarily involves a determination of Kentucky law. The question has been resolved at this stage by the Court of Appeals of Kentucky which held that the Circuit Court did not err in concluding that the father had maintained his official residence in Kentucky. *Bock v. Bock*, No. 90–CA–2243–MR (Ky.App. November 22, 1991) at 8. Since the mother

had specially appeared to contest jurisdiction in Kentucky this determination is binding on Alaska courts unless it is reversed by the Supreme Court of Kentucky. Restatement (Second) of Conflict of Laws § 96 (1971).

■ At the time of the filing of the petition in Alaska, in May of 1990, Alaska had been the home state of the mother and the children for the last four years.[4] At that point, the children were approximately six and one-half years old. In the converse situation, where Alaska is the state where the original decree is entered and the custodial parent and children move to another home state, Alaska's courts do not retain modification jurisdiction. *Baumgartner v. Baumgartner*, 788 P.2d 38 (Alaska 1990). Despite the fact that the information available in Alaska concerning the children's care was obviously much more substantial than that present in Kentucky when Alaska's jurisdiction was invoked, Alaska is precluded from exercising jurisdiction by 28 U.S.C. § 1738A(f), so long as Kentucky claims "significant connection" jurisdiction under the Kentucky analogue to § 3(a)(2) of the Uniform Child Custody Jurisdiction Act, 9 U.L.A. 122 (1979).

For these reasons, we remand this matter to the superior court with instructions. The court's previous orders, by Judges Reese, Katz, and Ripley, must be vacated. All further proceedings in the case should be stayed, pending final resolution of the jurisdictional question in the courts of Kentucky.

REVERSED and REMANDED WITH INSTRUCTIONS.

### ORDER

Respondent's petition for rehearing is denied.[1] The opinion of the court (Op. No.

---

**3.** *See Kimmons v. Heldt,* 667 P.2d 1245, 1248–50 (Alaska 1983).

**4.** Jurisdiction is to be evaluated as of that date. *Wanamaker v. Scott,* 788 P.2d 712, 714, n. 3 (Alaska 1990).

**1.** Rabinowitz, Chief Justice, dissents, stating:

Before, deciding the petition for rehearing, I would order George W. Bock, Jr., to file a response to one point raised in Laura Bock's petition. The point I believe should be responded to is found in section B1 of Laura's petition, namely, that the Kentucky orders were defective under the PKPA because they were issued without notice to Laura.

3810) is modified, however, *sua sponte,* to remove any suggestion that Alaska's courts remain free to do anything but enforce the Kentucky custody decree. The Kentucky decree is to be given full faith and credit by the courts of this state.

This order is also intended to resolve the issues raised by the parties in the various motions which remain pending.

SO ORDERED.

RABINOWITZ, C.J., dissenting.