David MIKESELL, Appellant,

v.

Allison WATERMAN, Appellee.

No. S–12910.

Supreme Court of Alaska.

Dec. 5, 2008.

Michael J. Walleri, Law Offices of Michael J. Walleri, Fairbanks, for Appellant.

Allison Waterman, pro se, Silver City, New Mexico, Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

## OPINION

FABE, Chief Justice.

## I. INTRODUCTION

The superior court in Alaska declined to exercise its home state jurisdiction in an initial child custody determination, holding that New Mexico was a more convenient forum to decide the custody issue. The child's father appeals, arguing that the court erred in failing to hold a hearing on the motion to decline jurisdiction and in declining to exercise custody jurisdiction. Because we conclude that a hearing was unnecessary and that the superior court did not abuse its discretion in deciding that New Mexico was a more appropriate forum, we affirm its ruling.

## II. FACTS AND PROCEEDINGS

David Mikesell and Allison Waterman have one child together, Mary, who is now seven years old. Mary was born in 2001 in New Mexico and lived there together with her parents until she was two years old. When the parties separated in 2003, they agreed to alternate custody of Mary on a yearly basis. Waterman moved with Mary to Flagstaff,

Arizona in the summer of 2003. Mary remained with her mother in Arizona until September 2004. She lived with her father in New Mexico from September 2004 until May 2005, then again with her mother in Arizona from June 2005 until May 2006.

As part of her parents' informal custody arrangement, Mary began to live with her father in Fairbanks in May 2006.[1] On April 16, 2007, Mikesell began a custody action in superior court, asking for sole legal and physical custody of Mary. Waterman filed a custody action in Grant County, New Mexico in early May 2007.[2] In Waterman's answer to the Alaska complaint, she contested Alaska's jurisdiction and stated her disagreement with Mikesell's request for custody.

Both parties filed motions requesting jurisdictional rulings in their respective forums. After a hearing on Mikesell's motion to determine jurisdiction, Superior Court Judge Douglas L. Blankenship decided that Alaska was the child's home state[3] for purposes of the Uniform Child Custody Jurisdiction and Enforcement Act[4] (UCCJEA) but noted that he would entertain a motion to decline jurisdiction on inconvenient forum grounds. The New Mexico court stayed Waterman's custody action pending a decision from the Alaska court about whether Alaska was an inconvenient forum.

Waterman then filed a motion asking the Alaska court to decline jurisdiction as an inconvenient forum. Mikesell opposed the motion and requested a hearing. The court granted Waterman's motion without a hearing. In its memorandum decision and order, the court identified five UCCJEA factors

that it considered germane to the case and decided that three of the five factors favored New Mexico's exercise of jurisdiction while the other two factors favored neither forum. As a result, it concluded that New Mexico was the more appropriate forum to litigate custody.

Mikesell moved for reconsideration, arguing that the court erred in not holding a hearing on the motion to decline jurisdiction. He asserted that because the motion was dispositive, a hearing was required by Alaska Civil Rule 77(e). He also argued that New Mexico lacked jurisdiction to hear the case and that the court had improperly evaluated and applied the UCCJEA statutory factors. The court denied reconsideration, holding that a motion to decline jurisdiction was not a dispositive motion. It also concluded that it had properly considered the relevant factors and that New Mexico could assume jurisdiction under the UCCJEA.

Mikesell appeals.

## III. DISCUSSION

### A. Standard of Review

We review the superior court's decision to decline jurisdiction as an inconvenient forum for abuse of discretion.[5] We will find an abuse of discretion if we are left with the definite and firm conviction on the whole record that a mistake has been made.[6] The superior court's interpretation of the civil rules is a legal question that we review de novo.[7] We review the superior court's deci-

---

1. The record does not reflect precisely when or why Mikesell moved to Fairbanks.

2. It appears that Waterman moved back to New Mexico in 2006: she stated in her initial pleadings filed May 17, 2007 in the Alaska court that she had "just finished a year of teaching middle school English at a local private school" and at oral argument before us, she said that she moved back to New Mexico in June 2006.

3. A child's home state for purposes of custody jurisdiction is the state in which the child lived with a parent or a person acting as a parent for at least six consecutive months, including any temporary absences, immediately before the commencement of a child custody proceeding. AS 25.30.909(7). Waterman does not contest

that Alaska was Mary's home state when Mikesell filed the custody action.

4. AS 25.30.300–.910.

5. *Pinneo v. Pinneo*, 835 P.2d 1233, 1235 (Alaska 1992) (citing *Szmyd v. Szmyd*, 641 P.2d 14, 18 (Alaska 1982)).

6. *Sawicki v. Haxby*, 186 P.3d 546, 550 (Alaska 2008) (quoting *Byers v. Ovitt*, 133 P.3d 676, 680 (Alaska 2006)).

7. *Miller v. Clough*, 165 P.3d 594, 599 n. 8 (Alaska 2007) (citing *Fuller v. City of Homer*, 113 P.3d 659, 662 (Alaska 2005)).

sion not to hold an evidentiary hearing using our independent judgment.[8]

## B. The Superior Court Was Not Required To Hold a Hearing.

Mikesell asks us to reverse the superior court's order because the court did not hold a hearing before deciding Waterman's inconvenient forum motion. In making this argument, Mikesell relies on Alaska Civil Rule 77(e)(2), which requires oral argument on dispositive motions, including motions for summary judgment. Interspersed throughout his brief are arguments that the court should have held an evidentiary hearing before issuing its ruling.

▮ The parties disagree about whether a motion to decline jurisdiction is a dispositive motion. We do not need to decide whether the motion was dispositive, however, because even it was a dispositive motion, Mikesell has not demonstrated that he suffered substantial prejudice from the lack of oral argument.[9] He claims that he was prejudiced by not being able to respond to what he viewed as new arguments in Waterman's reply, but he does not specify what new arguments were raised or how consideration of them was prejudicial.[10] The superior court rejected this assertion, stating that it was "unable to identify any 'new' issues raised in Ms. Waterman's reply that [it] considered relevant to the issue of inconvenient forum." Because Mikesell failed to show substantial prejudice in not having oral argument on the motion, any possible error by the court was harmless.[11]

▮ We also consider whether Mikesell was entitled to an evidentiary hearing on the motion to decline jurisdiction.[12] A court is required to hold an evidentiary hearing only when the parties present a genuine issue of material fact.[13] Here, the superior court concluded that its decision "rest[ed] upon undisputed facts." We agree.

The UCCJEA factors that the superior court considered in deciding the inconvenient forum motion were (1) the length of time the child lived outside of Alaska; (2) the relative financial circumstances of the parties; (3) the nature and location of the evidence required to resolve the litigation; (4) the ability of each court to decide the issue expeditiously and the procedures necessary to present evidence; and (5) the familiarity of each court with the facts and issues of the litigation. Mikesell had the opportunity to present information to the court to support his position that Alaska should retain jurisdiction when he filed his opposition to Waterman's motion.[14] He chose not to supplement his earlier affidavits or exhibits at that time.

There was no dispute about where the child had lived during her life and the length of time she had lived in each place. Nor was there a material issue of fact about the relative financial circumstances of the parties. Waterman filed a child support guidelines affidavit showing limited income, and she was represented in New Mexico by an attorney from New Mexico Legal Aid. Mikesell, in contrast, was able to retain private counsel and asserted in his reconsideration motion that he "d[id] have limited ability to bring Waterman and some witnesses to Alaska." Mikesell does not show how an evidentiary

8. *Acevedo v. Burley*, 944 P.2d 473, 476 n. 2 (Alaska 1997).

9. *McCracken v. Davis*, 560 P.2d 771, 774–75 (Alaska 1977).

10. Mikesell only mentioned one superior court finding in his appellate argument, that the Alaska action "short-circuited" a plan for Mary to attend first grade in New Mexico. This was not a new issue raised in Waterman's reply: Waterman discussed this issue in her motion asking the court to decline jurisdiction. As the superior court noted, Mikesell himself stated that the parents had agreed to alternate custody on a yearly basis.

11. *McCracken*, 560 P.2d at 774–75.

12. Mikesell's hearing request indicated that he would be calling witnesses, so Mikesell actually asked for an evidentiary hearing rather than oral argument. *Cf.* Alaska R.Crim. P. 42(e)-(f).

13. *See Meidinger v. Koniag, Inc.*, 31 P.3d 77, 85 (Alaska 2001) (citing *Acevedo*, 944 P.2d at 476 n. 2).

14. Alaska R. Civ. P. 77(c); *see also* AS 25.30.360(b) (stating that court shall allow parties to submit information to consider in making inconvenient forum decision).

hearing would have assisted the court in determining the relative familiarity of each court with the case or the time within which the case could be heard in either forum, and we can see no useful testimony that could have been presented on these issues. Nor does he demonstrate that there was a material issue of fact related to the nature and location of the evidence required to resolve the case. It was undisputed that both parties had family members living in New Mexico who might be called.as witnesses and that Mary attended school in Fairbanks and had a treating physician there. Because there were no material factual issues for the court to decide before ruling on the motion to decline jurisdiction, the superior court did not abuse its discretion in failing to hold an evidentiary hearing on Waterman's motion.[15]

### C. The Superior Court Did Not Abuse Its Discretion in Declining Jurisdiction.

■ The decision to decline jurisdiction under the UCCJEA is a discretionary one.[16] In reviewing discretionary decisions, it is not the role of the appellate court to reweigh the facts and equities and substitute its judgment for the trial court's. Instead, we must determine whether the trial court abused its discretion.[17] Here, we are not persuaded that the court abused its discretion in declining jurisdiction.

#### 1. New Mexico's statutes permit the exercise of jurisdiction.

Mikesell argues first that New Mexico cannot exercise jurisdiction because New Mexico is not Mary's home state and Alaska is. He claims that New Mexico can only have initial

custody jurisdiction if it is the child's home state or was the home state within six months before the custody action began. But under New Mexico's statutes, New Mexico courts can exercise initial custody jurisdiction when New Mexico is not the home state, as long as other conditions are met. New Mexico's version of the UCCJEA provides that the New Mexico court has jurisdiction if

> [A] court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 207 or 208 [40–10A–207 or 40–10A–208 NMSA 1978] and:
> (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
> (B) substantial evidence is available in this state concerning the child's care, protection, training and personal relationships[.] [18]

Section 40–10A–207 of New Mexico's statutes corresponds to AS 25.30.360, the statutory section the superior court used here in deciding to decline jurisdiction.[19]

Here, no one contests that Alaska is the child's home state. Mikesell argues that because the superior court had previously decided that Alaska was Mary's home state, New Mexico could not exercise custody jurisdiction. But whether Alaska had exclusive home state jurisdiction is irrelevant to the question whether the superior court properly declined to exercise this jurisdiction. Even though both the UCCJEA and the Parental Kidnapping Prevention Act [20] (PKPA) give a preference to home state jurisdiction in custody matters,[21] both also permit a home state

---

15. *See* Alaska R. Civ. P. 77(i) (permitting court to hear motions on affidavits).

16. *See* AS 25.30.360(a) (providing that court may decline jurisdiction); *see also Szmyd v. Szmyd,* 641 P.2d 14, 18 (Alaska 1982) (holding that decision to decline jurisdiction under Uniform Child Custody Jurisdiction Act (UCCJA) is discretionary).

17. *See Jerrel v. Kenai Peninsula Borough Sch. Dist.,* 567 P.2d 760, 767 (Alaska 1977).

18. N.M. Stat. § 40–10A–201(a)(2) (2006) (bracketed statutory citations in original).

19. *Compare* N.M. Stat. § 40–10A–207 (2006) *with* AS 25.30.360.

20. 28 U.S.C. § 1738A (2000).

21. *See Atkins v. Vigil,* 59 P.3d 255, 258 (Alaska 2002) (noting that PKPA and UCCJEA grant exclusive jurisdiction to the home state); *see also* Unif Child Custody Jurisdiction & Enforcement Act (UCCJEA) § 201 cmt. 1, 9 U.L.A. Part IA 672 (1997) (noting that UCCJEA "prioritizes home state jurisdiction in the same manner as the PKPA").

to decline jurisdiction.[22] Alaska declined to exercise its home state jurisdiction on inconvenient forum grounds in this case, finding that New Mexico was the more appropriate forum to decide custody. Thus, New Mexico can exercise jurisdiction if Mary and at least one of her parents have a significant connection with New Mexico and substantial evidence about her care is available in New Mexico.[23] Mikesell conceded in the superior court that both parties have a significant connection with New Mexico. In his brief before this court he did not argue that substantial evidence was unavailable in New Mexico. He has thus waived any argument that New Mexico cannot establish jurisdiction based on Mary's connection with it.[24] In any event, substantial evidence appears to be available in New Mexico that is relevant to the custody proceeding. Both of the parties lived in New Mexico with the child, extended family whom the parties planned to call as witnesses live there, and Waterman currently lives there and cares for her other child there.

Mikesell cites two New Mexico cases, *Trask v. Trask*[25] and *Nelson v. Nelson,*[26] to argue that New Mexico cannot assume custody jurisdiction. Both cases are distinguishable. In neither case did a home state decline jurisdiction and find that New Mexico was the more appropriate forum to determine custody. In addition, the cases involved modification jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), not initial jurisdiction under the UCCJEA.[27]

Mikesell suggests that New Mexico cannot have significant connection jurisdiction because Mary has not lived in New Mexico recently except for summers with her mother. Although the UCCJA required that substantial evidence for purposes of establishing initial jurisdiction be about "the child's present or future care, protection, training, and personal relationships,"[28] the UCCJEA does not limit evidence to "present or future" care.[29] According to a comment to the UCCJEA, "[t]he jurisdictional determination should be made by determining whether there is sufficient evidence in the State for the court to make an informed custody determination. That evidence might relate to the past as well as to the 'present or future.' "[30]

Mikesell also argues that the superior court order was contrary to this court's opinion in *Atkins v. Vigil.*[31] In *Atkins,* the superior court decided that it did not have jurisdiction to hear a custody dispute even though Alaska was the child's "recent home state" because a California guardianship proceeding, which had been filed before the Alaska custody action, preempted Alaska's jurisdiction.[32] We reversed because the UCCJEA and the PKPA give a preference to a child's home state in exercising jurisdiction.[33] But *Atkins* is silent about jurisdiction when the home state declines jurisdiction because it is an inconvenient forum, as it did here. Based on the foregoing, we conclude that New Mexico may properly exercise custody jurisdiction in this case.

### 2. The superior court did not improperly weigh the factors.

Alaska Statute 25.30.360(b) sets out a list of factors for a court to consider in deciding

---

22. 28 U.S.C. § 1738A(c)(2)(D) (2000); UCCJEA § 207(a), 9 U.L.A. Part IA 682 (1997); *see also* AS 25.30.360(a).

23. N.M. Stat. § 40–10A–201(a)(2) (2006).

24. *See Tillmon v. Tillmon,* 189 P.3d 1022, 1029 n. 21 (Alaska 2008) (noting that issue waived when not discussed in brief).

25. 104 N.M. 780, 727 P.2d 88 (App.1986).

26. 121 N.M. 243, 910 P.2d 319 (App.1995).

27. *See Nelson,* 910 P.2d at 321; *Trask,* 727 P.2d at 89–90. New Mexico repealed the UCCJA and adopted the UCCJEA in 2001. *See* 2001 N.M. Laws Ch. 114.

28. Unif. Child Custody Jurisdiction Act § 3(a)(2)(ii), 9 U.L.A. Part IA 307 (1968).

29. UCCJEA § 201(a)(2)(B), 9 U.L.A. Part IA 671 (1997); *see also* AS 25.30.300(a)(3)(B).

30. UCCJEA § 201 cmt. 2, 9 U.L.A. Part IA 672 (1997).

31. 59 P.3d 255 (Alaska 2002).

32. *Id.* at 256–57. The superior court had also incorrectly determined that California was the child's home state. *Id.* at 257.

33. *Id.* at 258.

whether to decline jurisdiction as an inconvenient forum. Mikesell contends that the superior court "applied the [statutory] factors in a manner inconsistent with controlling preceden[t]." He relies heavily on our decisions interpreting the UCCJA,[34] which preceded the UCCJEA,[35] in arguing that the superior court erred by not considering the best interest of the child in making its jurisdictional decision. Waterman answers that the superior court properly weighed the factors and notes that the Alaska court was not making a custody determination but a decision about which court was better able to make the custody decision.

Alaska Statute 25.30.360(b) provides:

(b) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including

(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) the length of time the child has resided outside this state;

(3) the distance between the court in this state and the court in the state that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) an agreement of the parties as to which state should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

In this case, the parties agreed that domestic violence was not an issue and that they had not selected a state to assume jurisdiction over a custody dispute. The court considered the remaining factors in its decision.[36] Of these factors, it decided that factors (2), (4), and (6) favored New Mexico's exercise of jurisdiction, and that factors (7) and (8) did not favor either forum.

Mikesell concedes that the child lived outside Alaska for most of her life but maintains that our decision in *Szmyd v. Szmyd*[37] was factually similar and thus required the Alaska court to retain jurisdiction. But *Szmyd* is distinguishable. *Szmyd* involved a custody modification where the changed circumstances alleged in the motion for modification were the instability of the custodial parent and her interference with visitation.[38] We held in *Szmyd* that California, the state where the custodial parent and child lived, was a more appropriate forum than Alaska, in part because the relevant evidence about the change in circumstances was more readily available in California.[39] Unlike *Szmyd*, this is an initial custody action, so the evidence should not focus on either party. Also, the list of statutory factors for the superior court to consider was different at the time *Szmyd* was decided than it is now: the length of time a child had resided outside of Alaska was not a listed factor when *Szmyd* was decided.[40]

At the time the motion was filed in this case, it was undisputed that the child had lived for a little more than one year in Alaska but had lived the rest of her life in New

---

34. Former AS 25.30.010–.900 (repealed ch. 133, § 4, SLA 1998).

35. The Alaska Legislature replaced the UCCJA with the UCCJEA in 1998. Ch. 133, SLA 1998. According to the prefatory note accompanying the uniform law, the UCCJEA substantially revised the UCCJA because inconsistencies in interpretation had "resulted in a loss of uniformity among the States." 9 U.L.A. Part IA 650 (1999).

36. The superior court appears to have combined the factors in subsections .360(b)(3) and .360(b)(4) in its discussion.

37. 641 P.2d 14 (Alaska 1982).

38. *Id.* at 21–22.

39. *Id.*

40. *Id.* at 18–19.

Mexico and Arizona. The court's finding that this factor-the length of time the child lived outside Alaska—favored New Mexico is supported by uncontested evidence in the record. Nothing suggests that the superior court improperly evaluated or weighed this factor.

Mikesell next argues that the court improperly placed too much weight on a finding that it was more inconvenient for the mother to litigate in Alaska than for the father to litigate in New Mexico. He relies on *Rogers v. Rogers*[41] and asserts that the court "committed reversible error" by failing to consider the best interest of the child in deciding the jurisdictional question. He also claims that "the record is totally void as to evidence of [the parties'] relative resources."

■ Again, Mikesell's "best interest" argument ignores statutory changes in Alaska's child custody jurisdiction statute. One of the most significant changes relevant to Mikesell's argument is that the UCCJEA removed the child's best interest as a factor in both inconvenient forum decisions and questions of initial jurisdiction.[42] According to the comment accompanying the UCCJEA, the best interest factor was removed because it "tended to create confusion between the jurisdictional issue and the substantive custody determination."[43] The best interest language was deemed unnecessary for jurisdictional issues.[44] Mikesell does not argue convincingly that the child's best interest is still a factor that a court must consider in deciding whether to decline jurisdiction in custody cases.[45] We hold that under the UCCJEA the superior court was not re-quired to make a best interest analysis in deciding whether to decline jurisdiction.

■ Although the evidence was sparse, the court had adequate evidence before it to support its finding that travel to a distant forum would be more difficult for Waterman than Mikesell even though both parties had limited financial resources. The court had information about Waterman's income from her child support guidelines affidavit and a copy of her 2006 federal tax return.[46] Additionally, Waterman was represented in New Mexico by an attorney from New Mexico Legal Aid. Waterman's income tax return shows that she has another child living with her as well. Mikesell had sufficient resources to retain private counsel in Alaska and asserted in his motion for reconsideration that he "does have limited ability to bring Waterman and some witnesses to Alaska." Overall, the evidence supports the court's determination that Waterman has more limited financial means than Mikesell. Mikesell does not show how this factor weighed more heavily in the court's analysis than other factors.

■ In his discussion of the parties' financial circumstances, Mikesell contends that the court should have addressed the issue of the availability of a court custody investigator in Alaska, which he asserts is not available in New Mexico. In the superior court and at oral argument before us, Waterman responded that the New Mexico court can appoint a guardian ad litem. The availability of a court custody investigator in Alaska to parents with limited financial means is not relevant to a determination of the relative

**41.** 907 P.2d 469 (Alaska 1995).

**42.** *Compare* AS 25.30.300(a)(3) *and* AS 25.30.360(b) *with* former AS 25.30.020(a)(3) *and* former AS 25.30.060(c).

**43.** UCCJEA § 201 cmt. 2, 9 U.L.A. Part IA 672 (1997).

**44.** *Id.; see also Welch–Doden v. Roberts*, 202 Ariz. 201, 42 P.3d 1166, 1175 (App.2002) (noting that UCCJEA removed best interest analysis from initial jurisdictional determination).

**45.** A court issuing a custody order may at times still need to consider a child's best interest when making a jurisdictional decision. The PKPA pro-vides that a custody determination is consistent with the PKPA when the court making the determination (1) has jurisdiction under its own laws and (2) another state has declined jurisdiction and it is in the best interest of the child that the court issuing the order assume jurisdiction. 28 U.S.C. § 1738A(c) (2000). An order declining jurisdiction is not a "custody determination" for purposes of the PKPA, so this subsection is inapplicable here. 28 U.S.C. § 1738A(b)(3) (2000).

**46.** Our review of the appellate record did not reveal a child support guidelines affidavit from Mikesell.

financial circumstances of the parties.[47]   If the Alaska court custody investigator rather than a private custody investigator were appointed, it could decrease litigation costs overall.   But it does not have any bearing on the relative financial circumstances of the parties.

In arguing that the court improperly considered factor (6)—the nature and location of evidence required to resolve the pending litigation—Mikesell again cites *Szmyd v. Szmyd.*[48]   He asserts that the issues in this case are the same as those in *Szmyd* and concludes that the superior court order was "clearly contrary to controlling preceden[t]." As we noted above, *Szmyd* was a modification case, and this court focused its attention on the changes in circumstances alleged in the modification motion when it decided that California would be a better forum.[49]   In contrast, this case is an initial custody determination, so there is no need to focus on alleged changed circumstances.

■■■ Although Mikesell argues that nothing in the record indicates that the parties' relatives in New Mexico or Arizona would be testifying in the custody case, his own witness list named three witnesses from New Mexico, including Mary's grandmother. Waterman's Alaska witness list named "all individuals mentioned in [the] Custody Investigator's report" as well as an expert from New Mexico. Waterman stated in other filings that her witnesses were "all in New Mexico and will be unable to travel to Alaska to meaningfully help the [c]ourt."

The superior court recognized that more recent evidence was available in Alaska, but considered that educational and medical evidence is more amenable to telephonic or written presentation.   At oral argument before us, Mikesell emphasized alleged disputes between the parties about medical and educational issues, asserting that the testimony of professionals who have recently dealt with Mary is more readily available in Alaska. But as the superior court noted, the credibility of witnesses such as doctors is less likely to be questioned in the same way that the credibility of relatives is, potentially making personal observation of relatives and other lay witnesses more important in assessing credibility.   The superior court also noted that New Mexico would be expected to have information available about both parents because both parents have lived in New Mexico, whereas Alaska has no information about Waterman as she has never lived here.   We cannot say that the superior court abused its discretion or improperly weighed this factor when it decided that this factor favored jurisdiction in New Mexico.

Finally, with respect to factor (8), the familiarity of each court with the facts and issues in the litigation, Mikesell asserts that the Alaska court "erroneously assumed that New Mexico [c]ourts have dealt with the parties in a 2002 child support action."   Although Mikesell and the New Mexico Child Support Enforcement Division entered into a stipulated judgment and order that was filed with and approved by the New Mexico court in 2002, the Alaska court specifically stated that it placed no weight on the child support action.   In any event, the court found that this factor did not favor either forum, and Mikesell does not argue here that the court should have found that this factor favored Alaska.

## IV.   CONCLUSION

Because we conclude that a hearing was not necessary and because Mikesell has failed to show that the superior court abused its discretion in declining to exercise jurisdiction, we AFFIRM the order of the superior court.

---

**47.**   *See* Alaska R. Civ. P. 90.6(a) (permitting court to appoint court custody investigator if parties cannot afford private custody investigator).

**48.**   641 P.2d 14 (Alaska 1982).

**49.**   *Id.* at 21–22.