Gustavo ACEVEDO, Appellant,

v.

Denise BURLEY, Appellee.

No. S–7479.

Supreme Court of Alaska.

Sept. 5, 1997.

---

Gustavo Acevedo, Bethel, pro se.

Christopher R. Cooke, Hedland, Brennan, Heideman & Cooke, Bethel, for Appellee.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

FABE, Justice.

### I. INTRODUCTION

Gustavo Acevedo seeks a modification of his child support obligation. He appeals the trial court's decision to deny his motion to modify, arguing that the trial court erroneously concluded that he failed to show a material change in his financial circumstances. We affirm.

### II. FACTS AND PROCEEDINGS

Gustavo Acevedo and Denise Burley were married in October 1989 and divorced in 1991. The trial court awarded custody of the parties' child to Burley and ordered Acevedo to pay $300 per month in child support.

Acevedo did not file a Child Support Guidelines Affidavit, which would have calculated his child support obligation based upon his income and expenses.[1] Instead, the parties filed a stipulation regarding child support, which the trial court approved in March 1991.

The stipulation provided in part:

> The parties acknowledge that since [Acevedo] is self-employed as a taxi driver in Bethel, his income is subject to some fluctuation. It is therefore difficult to precisely calculate the amount of child support that is appropriate under Rule 90.3.

The stipulation also stated that "[f]or the past three years [Acevedo's] net income for purposes of Rule 90.3 has ranged between $10,000 and $20,000." Based upon this information, the parties agreed that "a present child support award of $300 per month is appropriate under Rule 90.3." However, the stipulation also noted that "[t]his child support award is subject to future modification if there is a change in circumstances."

The trial court ordered Acevedo to make child support payments according to the stipulation. After the divorce, Acevedo failed to make regular child support payments, and Burley twice sought judicial assistance. In June 1993 the trial court reduced to judgment Acevedo's $4,830.46 child support ar-

---

1. Alaska Civil Rule 90.3(e) requires "[e]ach parent in a court proceeding at which child support is involved" to file an affidavit stating that parent's annual adjusted income. Burley filed such an affidavit.

rearage. Despite this action, Acevedo continued to fall behind in his child support payments, and by March 1994 his arrearage exceeded $7,000. As a result, Burley moved the trial court for an order requiring Acevedo "to appear and show cause why he should not be held in contempt of court for his failure to pay child support." The trial court granted Burley's motion and ordered Acevedo to appear in court to attend a "show cause" hearing.

In April 1994, shortly before the hearing, Acevedo filed a motion to modify his child support obligation. In his memorandum supporting that motion, Acevedo asserted that he had experienced a "significant and material change in circumstances as required by [Rule] 90.3" because his net income had fallen more than fifteen percent to a level "below the Federal Poverty Level Guidelines." In light of this change in income, he argued that his child support obligation should be fifty dollars per month.

In May 1994 the trial court rejected Acevedo's motion, and Acevedo moved for reconsideration. The trial court denied Acevedo's request.

In October 1995 Acevedo filed a second motion to modify his child support payments. As in the first motion, Acevedo argued that his child support obligation should be fifty dollars per month because (1) his income from his job as a self-employed taxi cab driver had fallen more than fifteen percent from the time when his child support obligation was initially set and (2) his income was below "the Federal Poverty Level Guidelines."

The trial court concluded that "this motion is substantially similar to a motion filed by Mr. Acevedo in April, 1994 which was denied, and Mr. Acevedo ha[s] failed to show a material change in circumstances." Therefore, the court denied Acevedo's motion.

Acevedo appeals the trial court's decision to deny his October 1995 motion to modify his child support payments. He asserts that the trial court erred because "the weight of the evidence" demonstrates that he is entitled to a modification.

## III. DISCUSSION

Acevedo claims that his income has fallen to such an extent that he is entitled to a modification of his child support obligation. Burley responds by focusing on the stipulation and asserting that "the facts and circumstances which were the basis of the $300.00 per month child support stipulation have *not* changed." (Emphasis in original.) Burley also argues that even if "Acevedo's self-employment income could be verified and ... a lower amount of child support would be provided under the Rule 90.3 formula," Acevedo should nevertheless be bound by his agreement to pay $300 per month. We conclude that the trial court did not err in denying Acevedo's motion to modify his child support obligation.

A trial court must consider all motions for a modification of child support. *Cf. Deivert v. Oseira,* 628 P.2d 575, 578 (Alaska 1981) ("[A] trial court must consider all motions for a change in custody...."). However, the court may reject a motion to modify without an evidentiary hearing if it is plain that the facts alleged in the moving papers do not establish a *prima facie* case for a modification. *Cf. id.* (stating that in a modification of custody proceeding, an evidentiary hearing is warranted only where there is a *prima facie* showing of a changed circumstance). Furthermore, even if the facts alleged in the moving papers might demonstrate a material change of circumstances if they were established, the superior court need not conduct a hearing where the moving party advances only "generalized allegations of factual issues" that other record evidence convincingly refutes. *See Epperson v. Epperson,* 835 P.2d 451, 453 & n. 4 (Alaska 1992) (affirming a trial court's decision to determine a party's child support obligation without an evidentiary hearing because the party's "bare claim" that the custodial parent had low living expenses did not create a genuine issue of material fact).

"For the trial court to modify a support order, the movant must show by a preponderance of the evidence that, subsequent to the original order, there has been a material and substantial change in circumstances affecting the movant's ability to pay."

*Patch v. Patch,* 760 P.2d 526, 529 (Alaska 1988). "A material change of circumstances will be presumed if support as calculated under [Rule 90.3] is more than 15 percent greater or less than the outstanding support order." Alaska R. Civ. P. 90.3(h)(1).[2]

 In this case, Acevedo's income does not appear to have changed since he signed the stipulation. The record contains Internal Revenue Service tax forms for Acevedo for 1987–89 and 1993–94. During those years, his reported pretax total income was:

| | |
|---|---|
| 1987 | $12,436 |
| 1988 | $ 4,772 |
| 1989 | $ 6,239 |
| 1993 | $ 9,641 |
| 1994 | $ 7,836 [3] |

As these figures demonstrate, prior to the March 1991 stipulation, Acevedo's income was not substantially different from his income in 1993 and 1994. Indeed, his income was higher in 1993 and 1994 than it was in 1988 and 1989.

We note that Acevedo's adjusted income would have to be $18,000 per year before his support payments as calculated under Rule 90.3 would be $300 per month. However, our analysis is unaffected by the fact that the record contains no evidence that Acevedo ever earned more than $13,000 per year before taxes. Acevedo is a self-employed cab driver whose income appears to be almost entirely self-reported. He has the best information about his income, and based upon that information, he stipulated that $300 was the appropriate amount of child support for him to pay. Moreover, he does not argue that the stipulation was based upon an erroneous assessment of his income. He may not successfully seek to modify his child support obligation without reasonably explaining why he is entitled to a modification based upon his 1993–94 financial information when he stipulated, based upon similar financial infor-

mation for the years 1987–89, that $300 per month was appropriate.

Under these circumstances, Acevedo does not appear to have experienced a significant post-stipulation change that would entitle him to a modification. The evidence refuting Acevedo's allegation of a change in circumstances is so compelling that it was appropriate to conclude that there were no genuine issues of material fact. Therefore, the superior court did not err in denying his motion without an evidentiary hearing.

## IV. *CONCLUSION*

We AFFIRM the trial court's conclusion that Acevedo failed to demonstrate that he had experienced a material change in circumstances.

2. For purposes of determining the standard of review applicable to deciding whether the superior court erred in denying Acevedo's motion without an evidentiary hearing, we draw analogy to review of summary judgment decisions. As discussed above, the question in this case is whether there is a genuine issue of material fact that, if established, would entitle Acevedo to the relief sought. This is similar to our focus in reviewing summary judgment cases. *See Taranto v. North*

*Slope Borough,* 909 P.2d 354, 355 (Alaska 1996). Therefore, as with summary judgment decisions, we review the superior court's decision using our independent judgment. *See id.*

3. Between 1987 and 1989, Acevedo's pretax total income was equal to his adjusted gross income. In 1993 his adjusted gross income was $8,960, and in 1994 it was $7,225.